COMMONWEALTH OF VIRGINIA, EX REL., OFFICE OF THE
ATTORNEY GENERAL

v.

CENTRAL TELEPHONE COMPANY OF VIRGINIA, SOUTHERN
TELEPHONE COMPANY AND THE STATE
CORPORATION COMMISSION

March 2, 1979.

Record No. 781175.

Present: All the Justices.

Donald G. Owens, Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellant.

Edward L. Flippen; David Meade White; Donald W. Glaves [Ill.] (White & Wood, P.C.; Ross, Hardies, O'Keefe, Babcock & Parsons [Ill.], on brief), for appellees.

No brief for State Corporation Commission, appellee.

HARRISON, J., delivered the opinion of the Court.

This is a companion case to Central Tel. Co. of Va. v. Corp. Comm., 219 Va. 863, 252 S.E. 2d 575 (1979), this day decided. All facts necessary for our decision in the instant case are there stated.

The Division of Consumer Counsel, Office of the Attorney General, has appealed from the final order of the State Corporation Commission entered April 18, 1978, involved in the Central case. The Attorney General argues (1) that the Commission erred in not requiring Central Telephone Company of Virginia to refund in its entirety the surcharge it permitted to go into effect in January, 1977, "in that, contrary to the requirements of the Code of Virginia, such surcharge was not subsequently investigated and found just and reasonable"; (2) that the Commission erred in

including for rate making purposes certain expenses of Central, the recurrence of which was found to be questionable by the Commission; and (3) that the Commission was not consistent in the manner in which it treated Central and Southern Telephone Company, the two companies involved, with respect to excessive prices allegedly paid to Central Service Company.

Central's application for an interim increase in local service rates recited that, pursuant to Virginia Code §56-237, *et seq.*, it was filing a rider to the Company's tariff schedules which "it proposes be made effective November 27, 1976, upon such notice to the public and in such manner as the Commission may require". The Commission refused to allow the surcharge to become effective until after the need for the increase was investigated. Accordingly, it scheduled and conducted a public hearing at which both Central and the Commission's staff presented evidence.

The Commission, on December 22, 1976, found that a substantial need for interim relief had been demonstrated and ordered the increase (surcharge requested by Central), effective January 7, 1977, to remain in effect pending a full investigation, public hearing and decision on an application for permanent rate relief which Central proposed to file. The Commission ordered Central to file on or before December 30, 1976, a revised tariff schedule designed to produce the additional gross revenue needed, and it was duly filed.

Central and Southern, on June 15, 1977, filed their applications for a permanent increase in local service rates to become effective July 15, 1977. This date was suspended and extensive investigations were made and public hearings conducted on the applications, resulting in a record in *Central* in excess of 1,400 pages plus approximately 100 exhibits.

It is our conclusion that the investigations conducted by the State Corporation Commission have complied in all respects with the requirements of the Code of Virginia, including specifically Code §§56-236, -237, -238, -240, and that no error was committed by the Commission in not requiring Central to refund in its entirety the surcharge. A determination as to whether the rates proposed in Central's October 27, 1976 application were just and reasonable was necessarily involved, not only at and prior to the December 22, 1976 hearing by the Commission, but thereafter in the investigation and hearings which ultimately resulted in the Commission's order of April 18, 1978, involved here and in Central's appeal. This order

required a partial refund of the revenue collected by Central under the interim surcharge.

■ In its order of April 18, 1978, the Commission did speculate about the recurrence of some of the expenses actually incurred by Central in 1976, observing that "it appears questionable to us that these same expense items will recur annually. . . ." However, it accepted the 1976 level of expenses with the caveat "[that the] service [by Central] should substantially improve". Apparently the Commission was responding to the numerous customers of Central who appeared at the public hearing and voiced complaint about the service that Central was providing; and to the testimony introduced by Central of its program to improve the caliber of its service and of its need for additional revenue to accomplish that purpose. In any event, whether or not the expenses were recurring or nonrecurring was a matter peculiarly within the expertise and discretion of the Commission. This question of fact has been resolved by the Commission, and we will not disturb its action.

■ Finally, the appellant says that the Commission was not consistent in the manner in which it treated the purchases made by Central and those made by Southern. While this contention is correct, we need not address it because we concluded in *Central* that the Commission's treatment of Central's purchases was in error. Further, the purchases made by Southern from Central Service Company since 1967 are minimal, amounting to only $70,548.

Southern sought only an approval of rates which would provide it an additional gross annual revenue of $262,681, resulting in an annual rate of return of 4.47% and a return on common equity of 7.62%. While these percentages were low by comparison with Central, the explanation is that they are designed to simplify a merger of Central and Southern which is apparently planned.

We find no reversible error in the manner in which the Commission treated Southern's application for a rate increase. We affirm the April 18, 1978 order of the Commission appealed from, except in the respects noted in our opinion in *Central*.

*Affirmed.*